# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

WRANGELL SEAFOODS, INC.,

Debtor.

Case No. K09-00012-DMD

Chapter 11

**Filed On 2/13/09**

## MEMORANDUM REGARDING EMPLOYMENT OF C. F. JAMES, CPA

Clifford James is the only CPA engaged in public accounting in Wrangell. He prepares tax returns for hundreds of clients in the area. His clients include shareholders, creditors, officers and directors of the debtor, and the debtor. The debtor owed him $5,183.97 as of November 30, 2008 for prior services. After November 30, 2008 and through January 9, 2009, the debtor ran up another $16,842.78 in charges, primarily relating to the debtor's Chapter 11 filing. James has received two $5,000.00 payments. One was received on December 31, 2008 or January 5, 2009. The evidence on this payment has been inconsistent. A second was received on January 9, 2009.

In order to be employed by the estate an accountant must be a disinterested person.[1] A disinterested person cannot be a creditor.[2] The bankruptcy code determines whether or not a person is disinterested, not GAAP. Mr. James is a creditor of the debtor. While he has recently offered to write off $5,183.97, there was a balance of $16,842.78 due

---

[1] 11 U.S.C. § 327(a).

[2] 11 U.S.C. § 101(14).

as of the date of the filing the petition. He is a creditor and not a disinterested person. He cannot be employed by the estate.

§ 327(a) also requires that an accountant not represent an interest that is adverse to the estate. Here Mr. James performs services for a broad cross section of the community that have claims against the estate and/or ownership interests in the debtor. Their interests may be adverse to the estate and adverse to each other. Mr. James cannot be employed by the estate.

The debtor has requested that Mr. James pre-petition fees of $12,224.76 be considered an administrative cost of the bankruptcy estate. Administrative costs include compensation awarded under § 330(a) of Title 11.[3]  11 U.S.C. § 330(a)(1) provides compensation only for professional people employed under section 327. Mr. James has not been employed under § 327. He has no claim for an administrative expense.

An appropriate order will be entered.

DATED: February 13, 2009.

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: D. Bruce, Esq.
M. Boutin, Esq.
K. Hill, Esq.
2/13/09

---

[3] 11 U.S.C. § 503(b)(2).

2