# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

WRANGELL SEAFOODS, INC.,

Debtor.

Case No. K09-00012-DMD
Chapter 11

**Filed On 3/9/09**

## MEMORANDUM RE SALE

The debtor's motion for sale of its assets to Trident Seafoods for $4.35 million came before the court for hearing on March 9, 2009. Sale proceeds from the proposed sale will be inadequate to pay any creditors other than Alaska Growth Capital, which holds a first position lien of about $6 million on the debtor's assets. Scheduled liabilities of the debtor exceed $12 million. Due to the approaching salmon season, and the need to act with dispatch, the parties require entry of an immediate order if the sale is approved. Accordingly, this memorandum will be very abbreviated.

The first issue for resolution is whether the debtor's proposed sale of assets should be approved without a disclosure statement and plan. Wyatt Refrigeration holds a claim for $1.8 million for improvements made to the debtor's facility in Wrangell. Wyatt notes that it is entitled to a mandatory discovery exchange with the debtor under AK LBR 6004-1(c). That subsection requires compliance with Fed. R. Civ. P. 26(a) not later than ten days after service of an objection. Wyatt's objection to the proposed sale was filed on March 7, 2009, so the creditor was unable to receive formal disclosures under Rule 26 before the March 9th hearing. But Wyatt has had access to a wide variety of informal disclosures

since the filing of this case on January 9, 2009. Wyatt knew of the case and filed a notice of appearance and request for special notice on January 30, 2009. Simply by checking the docket, Wyatt had access to the debtor's complete schedules and statements, which were filed on January 28, 2009. The debtor filed its initial motion to approve sale on February 13, 2009. Attachments to the motion included the proposed purchase agreement, consisting of 24 pages, and a 19-page proposed order. A detailed notice of the motion for sale was sent to all parties in interest, including Wyatt, on February 14, 2009. Wyatt received a complete copy of the Alaska Appraisal Associates December 4, 2007, appraisal of Wrangell Seafoods well before the hearing. Wyatt has had the opportunity to question the debtor's representatives at the meeting of creditors held March 2, 2009. Additionally, Wyatt has had the opportunity to take Rule 2004 examinations of any party with knowledge of the debtor's financial affairs since the debtor's petition was filed on January 9, 2009. I view the debtor's informal disclosures as adequate to meet the intent and spirit of AK LBR 6004-1(c) prior to the March 9th hearing. I also find that notice of the proposed sale of assets was adequate under the circumstances and that a formal disclosure statement and plan is not necessary for this sale.

The second issue before the court is the use of a sale free and clear of liens and encumbrances in light of the Ninth Circuit BAP's recent decision, *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (B.A.P. 9th Cir. 2008). The BAP in *Clear Channel* takes a very narrow view of what can occur upon sales made pursuant to 11 U.S.C. § 363(f). I respect the scholarship and reasoning displayed in the opinion. However, I

2

disagree with the BAP's conclusion. I tend to take a more liberal view of the statute. Alaska law permits the sale of real and personal property interests by foreclosure. Under state law, secondary security interests can be eliminated at foreclosure sales. The sale is justified under § 363(f)(1) and (5).

Finally, the National Labor Relations Board ("NLRB") has filed a limited objection to the proposed sale. It asks the court to add the following language to the sale order:

> Nothing in this Order is intended to, nor shall it be deemed to, preclude the National Labor Relations Board or any court from finding that Trident Seafoods, Inc., or any other purchaser of the Debtor's assets, is subject to a successor collective bargaining obligation under the National Labor Relations Act.[1]

Trident Seafoods opposes the language. It is a deal breaker, according to their attorney. Apparently the parties have a history of acrimonious relations. I view the language as essentially neutral. The NLRB has written a well-reasoned and thorough objection. I will add the language to the sale order.

For the foregoing reasons, the debtor's amended motion to sell substantially all of its assets free and clear of liens, for assumption and assignment of executory contracts and unexpired leases and for payment from sale proceeds, filed February 17, 2009 (Docket

---

[1] *See* Written Comments of the National Labor Relations Board, filed Mar. 4, 2009 (Docket No. 93), at p. 18.

No. 63) will be granted, with the inclusion of the language in the sale order which has been requested by the NLRB.

   DATED: March 9, 2009.

              BY THE COURT

              /s/ Donald MacDonald IV
              DONALD MacDONALD IV
              United States Bankruptcy Judge

Serve: D. Bruce, Esq.
  R. Powers, Esq.
  M. Parise, Esq.
  J. Moran, Esq.
  M. Boutin, Esq.
  D. Schaff, Esq.
  K. Schapiro, Esq.
  M. Eskenazi, Esq.
  A. Mead, Esq.
  E. Silver, Esq.
  M. Feinberg, Chairman of the UCC
  Sam Venable, pro se creditor
  Tony Moran, pro se creditor
  Scott Wyatt of Wyatt Refrigeration
  Bob Nelson of Trident Seafoods
  Doug Roberts of Wrangell Seafoods
  Mayor Donald McConachie, City of Wrangell
  U. S. Trustee
      3/9/09